CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE E. WHITE,<br>    Plaintiff, | Civil Action No. 7:06cv00504 |
| v. | **MEMORANDUM OPINION** |
| BRISTOL VA CITY JAIL, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Andre E. White, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants have failed to provide him with adequate medical care and pain management for his back condition. White seeks unspecified damages for his "pain and suffering." The court finds that White's complaint, with amendments, fails to state a claim against defendants Bristol Virginia City Jail ("BVCJ"), Curtis Mink, and Michael Salyer; and, therefore, dismisses his claims against BVCJ, Mink, and Salyer without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, only White's claim against defendant Dr. John Sherrill will continue to go forward.

I.

White alleges that the defendants were deliberately indifferent to his serious medical need because the medicine prescribed to him for his back injury did not help his pain "at all." At the time White was placed into the BVCJ, he had a pre-existing spinal injury. White alleges that his spinal injury causes constant throbbing and stabbing pain in his lower back and that he cannot eat or sleep as a result of this pain. On July 1, 2006, White filed a grievance in the jail complaining that he had not received medical treatment and in which he requested to see the doctor and be given pain medicine. Thereafter, defendant Dr. John Sherrill, the jail physician, prescribed ibuprofen as needed.

White concedes that he has received medication for his pain, but complains that the medicine provided does not help his pain and he feels that another medication would be more effective.[1]

On August 24, 2006, the court conditionally filed White's claim requiring him to, among other things, amend his complaint to identify defendants and to particularize his claims against each defendant. In response, White filed a motion for leave to proceed in forma pauperis ("IFP") (Docket #8), a letter with grievances (Docket #9), and additional evidence (Docket #10). To the extent that White's motion for IFP names additional defendants, the court will construe it as a motion to amend his complaint to identify defendants and will grant that motion. Accordingly, White's complaint is amended to name as defendants: BVCJ, Dr. John Sherrill, Curtis Mink, and Michael Salyer. In addition, the court will construe his letter with grievances and his additional evidence as a motion to amend his complaint to particularize his claims against the named defendants and will grant that motion.

**II.**

To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the BVCJ is not a "person" subject to suit under 42 U.S.C. § 1983, White cannot maintain his action against defendant BVCJ. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

Further, White fails to make any allegation of fact against defendants Curtis Mink and Michael Salyer. White was given an opportunity to amend his complaint to particularize the facts concerning the conduct of each defendant that violated his rights. Despite amending his complaint,

---

[1] In his additional evidence amending his complaint, White provides a list of medications that he feels would be more appropriate treatment for his pains, including Tylenol 3, Lortab, Flexoral, and Percocet.

White failed to allege any fact against either Mink or Salyer.[2]

## III.

For the stated reasons, the court will grant White's motions to amend his complaint and will dismiss his claims against defendants BVCJ, Mink, and Salyer pursuant to § 1915(b)(1) for failure to state a claim. White's claims against defendant Dr. John Sherrill will go forward.

ENTER: This 26th day of October, 2006.

United States District Judge

---

[2] In fact Mink's name does not appear anywhere in any of the documents that White has filed. Salyer's name only appears on a letter, filed by White as additional evidence. Salyer is the signatory of the letter, written in his capacity as Medical Supervisor for the Bristol Virginia Sheriff's Office, wherein he advises White's attorney that the jail physician is aware of White's medical issues and that an appropriate course of medical treatment has been decided on. To the extent that the White is alleging a claim based upon the doctrine of respondeat superior against defendant Salyer, it fails. A claim of supervisory liability related to a medical treatment claim is not appropriate absent an allegation that the supervisor was personally connected to the treatment received. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). This entails a showing that the supervisor failed to promptly provide an inmate with needed medical care, deliberately interfered with a prison physician's performance, and/or tacitly authorized or was indifferent to a prison physician's constitutional violation. Miltier, 896 F.2d at 854. Moreover, supervisory officials are entitled to rely on medical judgments made by prison physicians. Id. at 854-55. As White has failed to allege any specific facts demonstrating Salyer was personally involved in the medical care White received, Salyer cannot be liable under the doctrine of respondeat superior.